1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6
7
8
9
10

COURTNEY WAYNE DAWSON,

                  Petitioner,

   v.

JAMES R KEY,

                  Respondent.

Case No. 2:21-cv-1695-DGE-TLF

REPORT AND
RECOMMENDATION

Noted for January 13, 2023

11
12
13
14

      This matter comes before the Court on petitioner's petition for writ of *habeas corpus* under 28 U.S.C. § 2254 challenging the legality of his conviction. Dkt. 7. The Court should DISMISS the habeas petition as untimely and DENY issuance of the certificate of appealability (COA).

15

<u>BACKGROUND</u>

16
17
18
19
20
21
22

      On June 6, 2013, petitioner pled guilty to the following three counts: 1) rape in the first degree, 2) kidnapping in the first degree; and 3) bribing a witness. Dkt. 19-1, Judgment and Sentence in King County Superior Court Case No. 12-1-01722-7 (Exhibit 1) at 2-9. During this hearing the prosecution and petitioner confirmed that one of the conditions of the plea agreement was that the Oregon prosecutor's office would dismiss the indictments that petitioner was facing in Oregon. Dkt. 19-1, Verbatim Report of Proceedings (Exhibit 3) at 35, 45. On July 19, 2013, the Honorable Timothy A.

23
24
25

1  Bradshaw entered judgment and sentenced petitioner to 192 months of total

2  confinement. Dkt. 19-1, Judgment and Sentence (Exhibit 1), at 2-9.

3          On July 15, 2014, petitioner filed a motion to withdraw guilty plea. Dkt. 7, Motion

4  to Withdraw Guilty Plea in King County Superior Court Case No. 12-1-01722-7, at 32-

5  33. Petitioner argued that petitioner was "grossly misinformed as to the consequences

6  of his guilty plea" thus rendering the plea involuntary. Dkt. 7, Affidavit In Support of

7  Motion to Withdraw, at 34-43.

8          Petitioner was appointed counsel for purposes of the motion to withdraw guilty

9  plea. Dkt. 19-1, Verbatim Report of Proceedings (9/12/2014) (Exhibit 5) at 69-75. The

10 court denied petitioner's motion to withdraw his plea, holding that petitioner failed to

11 meet his burden of proving that the plea should be withdrawn, and that overturning the

12 conviction was not in the interest of justice. Dkt. 19-1, Findings of Fact and Conclusions

13 of Law (12/11/2017) (Exhibit 8) at 116-19.

14         On September 6, 2018, petitioner appealed the denial of his motion to withdraw

15 guilty plea arguing that petitioner's guilty plea was not knowing, voluntary and intelligent.

16 Dkt. 19-1, Brief of Appellant (9/6/2018) (Exhibit 9) at 122-129. Petitioner filed a

17 statement of additional grounds for review arguing that the State breached the plea

18 agreement with petitioner. Dkt. 19-1, Statement of Additional Grounds for Review

19 (9/27/2018) (Exhibit 11) at 153-156. The Washington Court of Appeals affirmed the

20 order denying petitioner's motion to withdraw plea. Dkt. 19-1, Unpublished Opinion

21 Case No. 77648-7-1 (6/10/2019) (Exhibit 2) at 17-24. Petitioner filed a motion for

22 reconsideration which the Washington Court of Appeals denied. Dkt. 19-1, Motion to

23 Reconsider (7/5/2019) (Exhibit 12) at 160-186; Dkt. 19-1, Order Denying Motion for

24

25

Reconsideration, Court of Appeals Case No. 77648-7-1 (7/17/2019) (Exhibit 13) at 188.

The Washington Supreme Court denied petitioner's petition for review. Dkt. 19-1,

Petition for Discretionary Review (7/17/2019) (Exhibit 14) at 190-216; Dkt. 19-1, Order,

Washington Supreme Court Case No. 97437-3 (11/6/2019) (Exhibit 15) at 218.

On April 16, 2020, petitioner filed another motion to vacate the judgment in his

criminal action because the plea was not knowing, voluntary, and intelligent; because

the state was in breach of the plea agreement; and because petitioner received

ineffective assistance of counsel during the plea hearing. Dkt. 19-1, Motion for Vacation

of Judgment with attached exhibits (4/16/2020) (Exhibit 17) at 222-465. The King

County Superior Court transferred the motion to the Washington Court of Appeals for

consideration as a personal restraint petition. Dkt. 19-1, Amended Order Transferring

Motion for Relief from Judgment to Court of Appeals, Superior Court Case No. 12-1-

01722-7 (5/1/2020) (Exhibit 18) at 467-469.

The Washington Court of Appeals dismissed petitioner's personal restraint

petition holding that the petition was time-barred under RCW 10.73.090 and because

petitioner did not demonstrate actual and substantial prejudice. Dkt. 19-1, Order of

Dismissal, Court of Appeals Case No. 81403-6-I (4/29/2021) (Exhibit 26) at 605-611.

Petitioner sought review of the dismissal of his personal restrain petition by the

Washington Supreme Court. Motion for Discretionary Review, Supreme Court Case No.

99833-7 (5/28/2021) (Exhibit 27) at 613-638. The Washington Supreme Court denied

the motion as untimely and held in the alternatively, that petitioner had failed on the

merits to demonstrate the existence of a material breach of the plea agreement. Dkt.

19-1, Ruling Denying Review, Supreme Court Case No. 99833-7 (7/12/2021) (Exhibit

28) at 640-644. The Washington Supreme Court also denied petitioner's motion to modify the ruling. Dkt. 19-1, Motion to Modify Commissioner's Ruling Denying Review, Supreme Court Case No. 99833-7 (8/10/2021) (Exhibit 29) at 646-682; Dkt. 19-1, Order, Supreme Court Case No. 99833-7 (10/6/2021) (Exhibit 30) at 684.

The Washington Court of Appeals issued a certificate of finality on October 19, 2021. Dkt. 19-1, Certificate of Finality, Court of Appeals Case No. 81403-6-I (10/19/2021) (Exhibit 31) at 686.

## DISCUSSION

A.  Evidentiary Hearing

The decision to hold an evidentiary hearing is discretionary. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474. A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan*, 550 U.S. at 474.

The Court should decline to hold an evidentiary hearing because petitioner's claims are barred by the applicable one-year statute of limitation under the Antiterrorism and Effective Death Penalty Act.

B.  Exhaustion of State Court Remedies

The exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The Court need not determine whether petitioner has met this exhaustion requirement because the petition for habeas relief is untimely.

REPORT AND RECOMMENDATION - 4

1

C. <u>Substantive Claims</u>

2

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state

3

prisoner's federal habeas petition is subject to the one-year statute of limitation set forth

4

in 28 U.S.C. § 2244(d)(1). *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Pursuant to

5

Section 2244(d)(1) a person in custody pursuant to a state court judgment must file a

6

petition for writ of habeas corpus within one year from the latest of:

7

(A) the date on which the judgment became final by the conclusion of
direct review or the expiration of the time for seeking such review

8

9

(B) the date on which the impediment to filing an application created by
State action in violation of the Constitution or laws of the United States
is removed, if the applicant was prevented from filing such State
action;

10

11

(C) the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly
recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

12

13

14

(D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

15

16

28 U.S.C. § 2244(d)(1).

17

The statute of limitations set by Section 2244(d)(1)(A) begins to run when the

18

petitioner's direct appeal concludes, even if the petitioner seeks subsequent or

19

concurrent collateral review. *McMonagle v. Myer*, 802 F.3d 1093, 1097 (9th Cir. 2015).

20

When a conviction becomes final for purposes of Section 2244(d)(1)(A) is a question of

21

law that is "heavily informed" by looking at state law to determine when the direct review

22

in state court has ended. *McMonagle*, 802 F.3d at 1097; *Wixom v. Washington*, 264

23

24

25

REPORT AND RECOMMENDATION - 5

1   F.3d 894, 897-98 (9th Cir. 2001) (looking to Washington law to determine when direct

2   review of a Washington conviction concluded.)

3          Pursuant to Washington Rule of Appellate Procedure (RAP) 13.4(a), a party

4   seeking discretionary review by the Washington Supreme Court must file a petition for

5   review within 30 days after the Court of Appeals Decision terminating review. For

6   purposes of Section 2244(d)(1)(A), the direct review of a petition terminates when the

7   reviewing court renders its decision, regardless of when the mandate of the decision is

8   entered. *White v. Klitzkie*, 281 F.3d 920, 923 n.4 (9th Cir. 2002).

9          Pursuant to Section 2244(d)(1), the statute of limitations to file a federal habeas

10  petition is statutorily tolled for "the time during which a properly filed application for State

11  post-conviction or other collateral review with respect to the pertinent judgment or claim

12  is pending." 28 U.S.C. § 2244(d)(2); *White*, 281 F.3d at 924. The statute of limitation is

13  only tolled for the period during which a round of review is pending. *Banjo v. Ayers*, 614

14  F.3d 964, 968 (9th Cir. 2010). A petition for review is pending until the application

15  reaches final resolution through the state post-conviction procedure. *Carey v. Saffold*,

16  536 U.S. 214, 220 (2002).

17         The statute of limitation is tolled during an entire round of review "not only for the

18  time that [the] petitions [a]re actually under consideration, but also for the intervals

19  between filings." *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). Yet, the

20  intervals between separate rounds of collateral attacks are not tolled. *Id.* Once the

21  claims raised in a petition have exhausted the state's post-conviction procedures the

22  round of review is complete, and any subsequent petitions for collateral review initiate a

23  separate round of review. *Id.*

24

25

A petition that is untimely filed under state law is not considered "properly filed" for purposes of AEDPA and therefore does not statutorily toll the one-year statute of limitation. *Allen v. Siebert*, 552 U.S. 3, 5-7 (2007) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."). Further, a state court's interpretation of state law is binding on a federal court reviewing a habeas corpus petition. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Federal courts cannot review a state court's decision that a post-conviction petition is untimely under state law. *Rudin v. Myles*, 781 F.3d 1043, 1054 (9th Cir. 2015).

In addition to statutory tolling, the statute of limitations set forth in Section 2244(d)(1) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if the petitioner shows: (1) the petitioner has been diligently pursuing their rights and (2) that some extraordinary circumstances prevented timely filing. *Holland*, 560 U.S. at 649. For purposes of equitable tolling, a petitioner must demonstrate reasonable diligence, not necessarily the maximum diligence feasible. *Id.* at 654. The petitioner must also show that extraordinary external forces, rather than a petitioner's lack of diligence, caused the untimeliness and made it impossible to file a timely petition. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009), *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

King County Superior Court entered judgment on petitioner's criminal case on July 19, 2013. Dkt. 19-1, Judgment and Sentence (7/19/2013) at 2-9. Pursuant to RAP 5.2, petitioner had thirty days from the entry of the judgment to file a notice of appeal challenging the judgment. Petitioner did not appeal the judgment before the August 19, 2013, deadline. Accordingly, on August 19, 2013, the judgment became final triggering

1   the commencement of the one-year statute of limitation for petitioner to file a habeas

2   petition. 28 U.S.C. § 2244(d)(1).

3          On June 15, 2014, petitioner signed a motion to withdraw his guilty plea, but

4   petitioner did not file the document with the court clerk until June 25, 2014. Dkt. 7,

5   Motion to Withdraw (Attachment 1), at 32-33. The King County clerk accepted and filed

6   the motion on July 15, 2014. *Id.* For purposes of statutory tolling, a petition or motion is

7   "properly filed" when the document is delivered and accepted as complying with the

8   applicable laws and rules governing filing. *Pace*, 544 U.S. at 413. The effective filing

9   date for the motion to withdraw is July 15, 2014 – 330 days after the judgment became

10  final. Petitioner's motion to withdraw statutorily tolled the statute of limitation for

11  petitioner to file a habeas petition until November 6, 2019 – the date that the

12  Washington Supreme Court denied petitioner's petition for review. *See, White*, 281 F.3d

13  at 923 n. 4 (a round of review concludes when the reviewing court renders its decision,

14  regardless of when the mandate of decision is entered). Accordingly, on November 6,

15  2019, petitioner had 35 days remaining to timely file a federal habeas petition.

16         Petitioner filed a second motion to vacate judgment on April 16, 2020, which was

17  converted to a personal restraint petition. Dkt. 19-1, Motion for Vacation of Judgment

18  (4/16/2020) (Exhibit 17); Dkt. 19-1, Amended Order Transferring Motion for Relief from

19  Judgment to Court of Appeals Case No. 12-1-01722-7 (5/1/2020) (Exhibit 18) at 467-

20  469. This second motion to vacate judgment does not toll petitioner's statute of

21  limitation because it was filed after the one-year AEDPA statute of limitation had already

22  expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d)

23  does not permit the reinitiation of the limitations period that has ended before the state

24

25

petition was filed."). Additionally, this second motion to vacate judgment was not "properly filed" for purposes of statutory tolling because the motion was denied as untimely. Dkt. 19-1, Ruling Denying Review, Supreme Court Case No. 998833-7 (7/12/2021) (Exhibit 28) at 640-644; Dkt. 19-1, Order, Supreme Court Case No. 99533-7 (10/6/2021) (Exhibit 30) at 684; *Allen*, 552 U.S. at 5-7 ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).").

Petitioner argues that the Washington State Supreme Court erred in finding that petitioner's personal restraint petition was untimely because: 1) the court should have applied equitable tolling under Washington state law and Ninth Circuit authority; and 2) the State should have been judicially estopped from arguing that petitioner's petition was untimely. Dkt. 7 at 17-19. The Court cannot consider petitioner's argument because the Washington Supreme Court determined that petitioner's personal restraint petition was untimely under Washington state law. As the final arbiter of Washington state law, the Washington Supreme Court's decision is binding on this Court for purposes of this habeas petition and the Court cannot review the state court's decision. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Rudin v. Myles*, 781 F.3d 1043, 1054 (9th Cir. 2015).

The Court should also find that petitioner is not entitled to equitable tolling.

Petitioner has failed to demonstrate that extraordinary circumstances prevented petitioner from timely filing this habeas petition. Petitioner argues equitable tolling should apply to petitioner's claims because petitioner's attorney did not properly pursue petitioner's argument that the State violated the plea agreement because Oregon did not dismiss petitioner's criminal charge with prejudice. Dkt. 7. Petitioner's initial motion to withdraw plea raised the argument that the State violated the plea agreement

because Oregon dismissed petitioner's criminal charge but failed to do so with

prejudice. Dkt. 7, Affidavit In Support of Motion to Withdraw (6/15/2014) (Exhibit 1) at

34-43; Dkt. 7, Supplemental Affidavit In Support of Motion of Withdrawal of Guilty Plea

(7/17/2014) (Exhibit 1) at 44-45. After the court denied petitioner's motion, petitioner

appealed the decision to the Washington Court of Appeals and filed a statement of

additional grounds for review raising this same breach of plea agreement argument.

Dkt. 7, Statement of Additional Grounds for Review Court of Appeals (9/22/2018)

(Exhibit 2) at 51-54.

The Court of Appeals affirmed the denial of petitioner's motion – rejecting

petitioner's allegations about a breach of plea agreement, on the merits. Dkt. 19-1,

Unpublished Opinion Court of Appeals, Case No. 77648-7-I (6/10/2019) (Exhibit 2). The

Washington Court of Appeals denied petitioner's motion for reconsideration on this

issue and the Washington Supreme Court denied petitioner's petition for review. Dkt.

19-1, Motion to Reconsider Case No. 77648-7-1 (7/5/2019) (Exhibit 12) at 160-186; Dkt.

19-1, Order Denying Motion for Reconsideration Case No. 77648-7-1 (7/17/2019)

(Exhibit 13) at 188; Dkt. 19-1, Petition for Discretionary Review Case No. 97437-3

(7/17/2019) (Exhibit 14) at 190-216; Dkt. 19-1, Order Case No. 97437-3 (11/6/2019)

(Exhibit 15) at 218.

The record before the Court indicates that extraordinary forces did not prevent

petitioner from raising the issue of breach of plea agreement before the expiration of the

AEDPA statute of limitation. Petitioner timely raised this issue before the state court and

the Washington Court of Appeal denied petitioner's argument on the merits. During the

time period that petitioner's motion and appeal were being considered, the statute of

1  limitation was statutorily tolled. After the Washington Supreme Court denied review of

2  petitioner's appeal, petitioner could have timely filed a habeas petition. Petitioner did not

3  do so and has not submitted evidence that extraordinary forces prevented petitioner

4  from filing a timely petition.

5      Based on the foregoing, the Court should find that equitable tolling is inapplicable

6  to petitioner's habeas petition. The Court should find that the instant petition is barred by

7  the one-year statute of limitations and the Court should dismiss this petition.

8                        <u>CERTIFICATE OF APPEALABILITY</u>

9      If the Court adopts the undersigned's Report and Recommendation, it must

10 determine whether a COA should issue.  Rule 11(a), Rules Governing Section 2254

11 Cases in the United States District Courts ("The district court must issue or deny a

12 certificate of appealability when it enters a final order adverse to the applicant.").  A

13 COA may be issued only where a petitioner has made "a substantial showing of the

14 denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3).  A petitioner satisfies this

15 standard "by demonstrating that jurists of reason could disagree with the district court's

16 resolution of his constitutional claims or that jurists could conclude the issues presented

17 are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

18 U.S. 322, 327 (2003).

19     The undersigned recommends that petitioner not be issued a COA.  No jurist of

20 reason would have valid reasons for disagreeing with the analysis concerning the one-

21 year AEDPA limitation on filing federal habeas corpus. Petitioner should address

22 whether a COA should issue in his written objections, if any, to this Report and

23 Recommendation.

24

25

REPORT AND RECOMMENDATION - 11

1

## CONCLUSION

2      Based on the running of the statute of limitation, the undersigned recommends

3  that the Court dismiss the petition for writ of habeas corpus with prejudice. The Court

4  should not issue a Certificate of Appealability.

5      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall

6  have fourteen (14) days from service of this report to file written objections. *See also*

7  Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

8  purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can

9  result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474

10 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

11 omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

12 directed to set the matter for consideration on **January 13, 2023.**

13     Dated this 28th day of December, 2022.

14

15

16                                        *Theresa L. Fricke*

17                                        Theresa L. Fricke
                                          United States Magistrate Judge

18

19

20

21

22

23

24

25

REPORT AND RECOMMENDATION - 12