UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COURTNEY WAYNE DAWSON,

                Petitioner,

    v.

JAMES R. KEY,

                Respondent.

Case No. 2:21-cv-1695-DGE-TLF

ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 25)

The Court, having reviewed the Report and Recommendation (Dkt. No. 25) of United States Magistrate Judge Theresa L. Fricke, Petitioner Courtney Wayne Dawson's objections (Dkt. No. 26), and the remaining record, hereby finds and ORDERS:

    (1) The Report and Recommendation is APPROVED and ADOPTED.

        a. The Court notes that, contrary to Petitioner's assertions (Dkt. No. 26 at 1–2), Judge Fricke did address his equitable tolling arguments. (*See* Dkt. No. 25 at 9–11) (noting that "[t]he record before the Court indicates that extraordinary forces did not prevent petitioner from raising the issue of breach of plea agreement before the expiration of the AEDPA statute of limitation."). The Court agrees with the Report and Recommendation. Petitioner has not put forward evidence that extraordinary circumstances prevented him from filing a timely habeas petition. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). Nor has he presented evidence of "'serious

instances of attorney misconduct'" that prevented him from raising the issue of a breach of the terms of his plea agreement on habeas review in a timely fashion. *See Milam v. Harrington*, 953 F.3d 1128, 1133 (9th Cir. 2020) (quoting *Holland v. Fla.*, 560 U.S. 631, 652 (2010)); *cf. Holland*, 560 U.S. at 636–43 (2010) (discussing petitioner's diligent efforts to remind counsel of habeas deadlines and counsel's negligence).

    b.  Petitioner also objects to the Report and Recommendation because it failed to analyze whether his procedural default could be excused for ineffective assistance of counsel under *Martinez v. Ryan*, 566 U.S. 1 (2012). (Dkt. No. 2–3.) However, the equitable exception established under *Martinez* only applies to procedural default under state rules and cannot mitigate Petitioner's obligation under federal law to timely file his habeas petition. *See Shinn v. Ramirez*, 142 S. Ct. 1718, 1736 (2022) ("'Where Congress has erected a constitutionally valid barrier to habeas relief, a court cannot decline to give it effect.'") (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 402 (2013) (Scalia, J., dissenting).

(2)    Petitioner's federal habeas corpus petition is DISMISSED with prejudice;

(3)    a Certificate of Appealability is DENIED; and

(4)    the Clerk is directed to send copies of this Order to petitioner, to Magistrate Judge Theresa L. Fricke and to any other party that has appeared in this action.

Dated this 27th day of March, 2023.

_David G. Estudillo_

ORDER ADOPTING REPORT AND
RECOMMENDATION (DKT. NO. 25) - 3